UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL D. HINTON,

       Petitioner,

v.                                  CASE NO. 6:09-cv-697-Orl-37KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

       Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).   Upon consideration of the amended petition (Doc. No. 10), the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.   Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 14). Petitioner filed a reply to the response (Doc. No. 24).

Petitioner alleges ten claims for relief in his habeas petition: (1) trial counsel was ineffective for failing to investigate or present evidence of Petitioner's medical disability at the violation of community control ("VCC") hearing; (2) trial counsel was ineffective for failing to object to false and misleading testimony of the State's sole witness at the VCC hearing; (3) trial counsel was ineffective for failing to sever his pending criminal

charges that were unrelated to the VCC hearing; (4) trial counsel was ineffective for failing to advise Petitioner of his right to withdraw his guilty plea; (5) trial counsel was ineffective for failing to request transcription of the November 30, 2006, plea and sentencing hearing; (6) trial counsel was ineffective for failing to object to the prosecutor's prejudicial statements and actions; (7) trial counsel was ineffective for failing to investigate whether Petitioner could properly be placed on drug offender community control; (8) trial counsel was ineffective for failing to object to the discrepancy between the orally pronounced sentence and the written sentence; (9) Petitioner's due process rights were violated when an incomplete record was provided on appeal; and (10) trial counsel was ineffective for advising Petitioner to accept an illegal sentence.   For the following reasons, the petition for writ of habeas corpus is denied.

## I.     Procedural History

Petitioner was charged by information with two counts of sale of cocaine. Petitioner entered guilty pleas to both counts in exchange for a two-year term of drug offender community control.   On November 30, 2006, the trial court accepted Petitioner's guilty plea and imposed the agreed-upon sentence.   An affidavit of violation of community control was filed on December 13, 2006, in which Petitioner's community control officer attested that Petitioner failed to report to the Probation and Parole Office within one business day of being sentenced.   The trial court held a hearing on the violation, after which it revoked Petitioner's community control and

sentenced him to two concurrent ten-year terms of imprisonment. Petitioner appealed, and appellate counsel filed an *Anders*[1] brief and moved to withdraw from the case. The Fifth District Court of Appeal granted counsel's motion to withdraw and affirmed *per curiam*.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in which he alleged nine grounds for relief. The trial court summarily denied Petitioner's claims. The appellate court *per curiam* affirmed the lower court's denial of Petitioner's post-conviction motion. Petitioner then filed a second Rule 3.850 motion for post-conviction relief. The trial court summarily denied Petitioner's claims on the merits, and the Fifth District Court of Appeal affirmed *per curiam*.

Petitioner also filed a Rule 3.800(a) motion to correct illegal sentence, which was denied by the trial court. The appellate court affirmed *per curiam*. Finally, Petitioner filed a third Rule 3.850 motion that raised two claims. Prior to the trial court's ruling on the motion, Petitioner filed a fourth Rule 3.850 motion which raised eight additional claims. The trial court denied the motions as untimely and successive. Petitioner appealed, and the Fifth District Court of Appeal *per curiam* affirmed. The instant amended habeas corpus petition followed.

## II.   *Legal Standards*

### A.     *Standard of Review Under the Antiterrorism Effective Death Penalty Act*

---

[1]  *Anders v. California*, 386 U.S. 738 (1967).

3

("*AEDPA*")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."   *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."   *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).   The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.   Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

4

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.   Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88.   A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   *Id.* at 689-90.   "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).   Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.   *Analysis*

A.   *Claim One*

Petitioner alleges trial counsel was ineffective for failing to investigate or present evidence of his medical disability, which he claims caused him to violate his community control (Doc. No. 10 at 5).   Petitioner states that had counsel investigated, he would have ascertained that Petitioner's failure to appear at the probation office was due to his disabled status, which affected his mobility.   *Id.*

Petitioner raised this claim in his first Rule 3.850 motion for post-conviction relief (App. F).   The trial court denied the claim pursuant to *Strickland*, finding that

6

Petitioner's own testimony at the VCC hearing refuted his claim (App. G at 2).   The trial court recognized that Petitioner did have a foot injury at the time he entered his plea and when he violated community control, but also found there was no evidence that Petitioner was unable to report to his community control officer due to this injury. *Id.* at 2-3.   The Fifth District Court of Appeal *per curiam* affirmed the trial court's rejection of this claim (App. J).

The Court finds that Petitioner's claim is without merit.   At the November 30, 2006, plea and sentencing, the trial court noted that Petitioner appeared to be "disabled" (App. EE).[3]   The trial court ordered Petitioner to report to his community control officer the day after he was released from jail.   *Id.; see also* App. A at 86.   An affidavit of VCC was filed on December 13, 2006, in which Petitioner's community control officer alleged that Petitioner was released from jail on November 30, 2006, but failed to report for his community control the following day (App. A at 102).   Instead, Petitioner waited until December 6, 2006, to report for his community control.   *Id.*

A VCC hearing was held on March 7, 2007, at which community control officer Anne Griffin ("Griffin") testified that she was the on-duty officer at the Community Control office on December 6, 2006, when Petitioner reported.   *Id.* at 6.   Griffin testified that Petitioner did not give any reason as to why he had not appeared on December 1, 2006, and merely stated that he was at home.   *Id.*   On cross-examination,

---

[3]Petitioner suffered from a broken ankle which required surgical attention. Petitioner was using crutches or a cane during the time period in which he entered his plea and subsequently violated his community control (App. A at 9-12).

Griffin stated that Petitioner was walking with the assistance of a cane when he appeared at her office.   *Id.* at 7.

Petitioner also testified at the VCC hearing, and at no point did he state that his failure to report to his community control officer was due to a medical disability.   *Id.* at 8-11.   Instead, Petitioner indicated that between November 2006 and December 6, 2006, he suffered from a drug addiction.   *Id.* at 8. Petitioner told the trial court the following:

> I got out on the 30th and I was already on Percocet from a broken ankle.
>
> . . .
>
> So my so called friend said I didn't really need to report until Monday.   I could just wait and let the weekend pass.   And then Monday turned into Tuesday and Tuesday turned into Wednesday and I just said, I'm going to hop up there on my crutches.
>
> . . .
>
> I mean just a continuous thing with drugs, you know, and I figured after I -- I didn't have no clean time to just stop doing drugs and do two years probation, you know, I had these special provisions written up so I can change probation and move up to North Carolina to be with the rest of my family, but I wasn't strong enough to just stop and do probation, any kind of probation, you know, but that's in hindsight . . . .

*Id.* at 8-9.   Petitioner was given the opportunity to tell the trial court that he was prevented from meeting with his community control officer as ordered due to a medical disability. Instead Petitioner admitted that he did not appear because he was abusing his prescription Percocet.   Petitioner's representations to the trial court constitute "a formidable barrier in any subsequent collateral proceedings.   Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 432 U.S. 63, 73-74

(1977).   Petitioner's statements to the trial court carry a strong presumption of truth, and Petitioner has not sufficiently demonstrated that this Court should overlook those statements.

Although Petitioner was suffering from an ankle injury and used crutches to walk at the time he was to report for community control, he has not shown that this injury prevented him from reporting to his community control officer within one day of being released from jail.   As such, Petitioner cannot show that any deficiency on the part of counsel resulted in prejudice because Petitioner has not demonstrated that but for counsel's failure to investigate, the result of the VCC hearing would have been different.   The state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.   Accordingly, claim one is denied pursuant to § 2254(d).

### B.   *Claim Two*

Petitioner alleges that trial counsel was ineffective for failing to object to false and misleading testimony of the State's sole witness at the VCC hearing (Doc. No. 10 at 7).   In support of this claim, Petitioner contends that Griffin's testimony was in direct contradiction to her written report and was misleading because it created the impression that Petitioner was not physically disabled.   *Id.*   Petitioner raised this claim in his first Rule 3.850 motion (App. F).   The trial court denied the claim pursuant to *Strickland*, finding that counsel's failure to object to Griffin's testimony did not result in prejudice (App. G at 3-4).   The Fifth District Court of Appeal affirmed *per curiam*

(App. J).

This Court agrees that Petitioner cannot demonstrate prejudice. Griffin's "Violation Report" provides that Petitioner appeared at the probation office on December 6, 2006 (App. A at 99). The report also indicates that Petitioner told Griffin that he did not report because did not have a ride to the office. *Id.* However, Petitioner also stated that he had no excuse for failing to call. *Id.* At the VCC hearing, Griffin testified that Petitioner had no excuse for failing to report on December 1, 2006. *Id.* at 6. Griffin also stated that she believed Petitioner was walking with a cane. *Id.* at 7.

Contrary to Petitioner's assertions, Griffin's testimony was not in direct contradiction with the Violation Report. Furthermore, although Petitioner states that Griffin's testimony gave the misleading impression that he was not physically disabled, Griffin did testify that Petitioner used a cane, which leads to the conclusion that he had some difficulty walking. Additionally, as discussed *supra* in relation to ground one, the Court was aware of Petitioner's ankle injury. However, there was no testimony presented by Petitioner to substantiate his claim that his medical disability prevented him from reporting to the community control office.

Moreover, although a conviction obtained through the knowing use of perjured testimony is fundamentally unfair and a violation of due process, Petitioner has not shown that Griffin committed perjury. *United States v. Bagley*, 473 U.S. 667, 677 (1985); *Giglio v. United States*, 405 U.S. 150 (1972). A petitioner can establish a violation by

showing that "(1) the prosecutor 'knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony,' and (2) there is a reasonable probability that the perjured testimony could have affected the judgment." *United States v. Elso*, 364 F. App'x 595, 599 (11th Cir. 2010) (quoting *Davis v. Terry*, 465 F.3d 1249, 1253 (11th Cir. 2006)).   A petitioner must show that (1) the statements were "actually" false, (2) the statements were material, and (3) the prosecution knew they were false.   *Id.* "The use of testimony that is inconsistent with a witness's prior testimony or that of a codefendant does not suffice to show that the proffered testimony was false." *Id.* (citing *Hays v. Alabama*, 85 F.3d 1492, 1499 (11th Cir. 1996) and *United States v. Michael*, 17 F.3d 1383 (11th Cir. 1994)).

Petitioner states that Griffin's testimony that he walked using a cane was false testimony because he used crutches after having extensive surgery to repair his broken ankle (Doc. No. 24 at 6-7).   Petitioner has not shown that Griffin's testimony regarding his use of a cane was false, nor has he demonstrated that the prosecutor knew that the statement was false.   Griffin stated she "believed" that Petitioner was using a cane but was not further questioned on whether Petitioner was instead using crutches.   Griffin's testimony indicates that Petitioner was not freely walking but instead was walking with the aid of some device.   Because Petitioner has not demonstrated that Griffin committed perjury, trial counsel was not ineffective for failing to object to Griffin's testimony.

Petitioner has not demonstrated that the state court's determination was contrary

to, or involved an unreasonable application of, clearly established federal law. Accordingly, claim two is denied pursuant to § 2254(d).

### C.     Claim Three

Petitioner alleges trial counsel was ineffective for failing to sever his unrelated pending criminal charges prior to the VCC hearing (Doc. No. 1 at 8).   Petitioner states that had counsel moved to sever his unrelated charges of burglary and theft, they would not have been considered during his VCC hearing.   *Id.* Petitioner raised this claim in his first Rule 3.850 motion (App. F).   The trial court summarily denied this claim pursuant to *Strickland* without discussion (App. G).   The Fifth District Court of Appeal affirmed *per curiam* (App. J).

Florida Rule of Criminal Procedure 3.152(a)(1) provides that "[i]n case 2 or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges on timely motion."   In the instant case, Petitioner's unrelated burglary and theft charges were not charged in the same indictment or information as he suggests but instead were charged in a separate case. Therefore, counsel did not act deficiently by failing to move to sever the charges. Moreover, there is no indication that the state court considered the unrelated burglary and theft during the VCC hearing.   At the beginning of the hearing, the trial court asked whether Petitioner had two VCC cases (App. A at 3).   The State informed the trial judge that both the VCC case and the new burglary case were being handled together because the State had extended a plea offer encompassing both cases, which

Petitioner had rejected.   *Id.*   The trial court proceeded only on the VCC and did not address the pending burglary and theft charges at the VCC hearing.   *Id.*

Petitioner has not demonstrated that trial counsel acted in a deficient manner or that any deficiency resulted in prejudice because the trial court did not consider or address Petitioner's unrelated pending criminal charges during the VCC hearing.   To the extent Petitioner suggests that the mere mention of the unrelated burglary and theft charges tainted the proceeding, Petitioner merely speculates that because the trial judge was informed of this unrelated case, the outcome of the VCC hearing was prejudiced. Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim.   *Lowery v. Cummings*, 255 F. App'x 409, 420-21 (11th Cir. 2007) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)).   Petitioner has not demonstrated that the state court's determination of this claim was contrary to, or resulted in an unreasonable application of, clearly established federal law. Accordingly, claim three is denied pursuant to § 2254(d).

### D.   *Claims Four, Five, Seven, and Eight*

Petitioner claims trial counsel was ineffective for (1) failing to advise him of his right to withdraw his guilty plea; (2) failing to request the transcription of the November 30, 2006, plea and sentencing hearing that occurred before he violated his community control; (3) failing to investigate whether he could properly be placed on drug offender community control; and (4) failing to object to the discrepancy between the orally pronounced sentenced and the written sentence.

Petitioner raised these claims in his third and fourth Rule 3.850 motions (App. DD & EE).   The trial court found that Petitioner's Rule 3.850 motions were untimely and successive (App. FF).   The Fifth District Court of Appeal affirmed *per curiam* (App. HH).

A *per curiam* affirmance of a trial court's finding of procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts.   *Ferguson v. Sec'y Dep't of Corr.*, 580 F.3d 1183, 1218 (11th Cir. 2009) (citing *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990)).   "[T]he clear inference to be drawn from the appellate court's per curiam affirmance of the trial court's decision explicitly based on procedural default is that the court accepted not only the judgment but the reasoning of the trial court."   *Harmon*, 894 F.2d at 1273.   Therefore, claims four, five, six, seven, and eight are procedurally barred and cannot be considered unless Petitioner demonstrates cause and prejudice resulting from the default.   *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.   "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."   *Id.*   To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been

14

different.   *Henderson Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."   *Murray v. Carrier*, 477 U.S. 478, 496 (1986).   Actual innocence means factual innocence, not legal insufficiency.   *Bousley v. United States*, 523 U.S. 614, 623 (1998).   To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense, in light of the new evidence.   *Schlup v. Delo*, 513 U.S. 298, 327 (1995).   In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial."   *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324), *modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

Petitioner appears to allege that he could not have raised these claims in one of his earlier Rule 3.850 motions because he did not receive the transcript of his initial plea and sentencing hearing until January 12, 2010.[4]   The documents attached to Petitioner's reply indicate that Petitioner attempted to obtain the transcript of the November 30, 2006 hearing for the first time on October 29, 2009 (Doc. No. 24, Exhibits H & I). Petitioner's first Rule 3.850 motion was filed on July 8, 2008 (App. F).   Petitioner's

---

[4]Petitioner's VCC hearing, held on March 7, 2007, was transcribed for direct appeal but his initial plea and sentencing hearing, held on November 30, 2006, at which he entered a guilty plea and was sentenced to a term of community control, was not transcribed.

second Rule 3.850 motion was filed on May 13, 2009 (App. N). Petitioner has not explained why he waited until both of those motions were denied by the state court before he attempted to obtain a copy of the plea and sentencing transcript. Petitioner notes that appellate counsel failed to have the hearing transcribed for his direct appeal. Therefore, Petitioner was aware, or should have been aware, that the hearing was not transcribed as early as October 23, 2007, when Petitioner's direct appeal was affirmed (App. D). Petitioner gives no explanation as to why he waited more than two years to request the transcription of this hearing. As such, the Court finds that this does not constitute cause and prejudice for the procedural default.

However, the Supreme Court of the United States recently held, in *Martinez*, 132 S. Ct. at 1318-19, that a prisoner may establish cause for an ineffective assistance counsel claim that was procedurally defaulted because it was not raised in an initial or first post-conviction motion if: (1) the state court did not appoint counsel in the initial-review collateral proceeding or (2) if counsel was appointed in the initial-review proceeding but failed to raise the claim. It is arguable that Petitioner's failure to raise grounds four, five, seven, and eight was because the state court did not appoint counsel in his first Rule 3.850 proceeding. As such, the Court finds that Petitioner has demonstrated cause for the procedural default of these claims pursuant to *Martinez*. However, Petitioner must also show that the defaulted claims are substantial, or in other words, that the claims have some merit.   *Id.* at 1319.

Turning to the merits of Petitioner's claims, the Court concludes that he cannot

demonstrate that prejudice resulted from the procedural default of these claims because they are not substantial.

### 1.    *Claim Four*

Petitioner argues that trial counsel was ineffective for failing to advise him of his right to withdraw his guilty plea (Doc. No. 10 at 10).   Petitioner asserts that pursuant to Florida Rule of Criminal Procedure 3.170(l), he could have moved to withdraw his plea within thirty days of being sentenced to drug offender community control, and thus, counsel should have informed him of this right.   *Id.*

Rule 3.170(l) provides that "[a] defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) . . . ."   Florida Rule of Appellate Procedure 9.140 provides that a defendant who pleads guilty or nolo contendere may appeal (1) the lower tribunal's lack of subject matter jurisdiction; (2) a violation of the plea agreement; (3) an involuntary plea; (4) a sentencing error; or (5) as otherwise provided by law.   Fla. R. App. P. 91.40(b)(2)(A)(ii).

Petitioner does not allege what grounds he had for withdrawing his guilty plea to the two counts of sale of cocaine.   The Court notes that there is no indication that the trial court lacked jurisdiction, the plea agreement was violated, the plea was involuntarily entered, or that any sentencing error occurred.   Therefore, there was no

basis upon with counsel could move to withdraw Petitioner's plea.

In his fourth Rule 3.850 motion filed in the state court, Petitioner alleged that counsel should have advised him that he could move to withdraw his plea based on the illegality of his sentence (App. EE at 8).   It appears that Petitioner is attempting to challenge whether he could properly be sentenced to community control.   Section 948.10, Florida Statutes, provides that the Department of Corrections shall develop and administer a community control program in the State of Florida.   Furthermore, section 948.101(1) allows a trial court to determine the terms and conditions of community control, which may include those standard conditions of probation as set forth in section 948.03, Florida Statutes.   Section 948.03 includes, among other provisions, that a court may require a defendant to submit to random drug testing, that a defendant be prohibited from using intoxicants, drugs, narcotics, or alcohol, or any other term the court considers necessary.   Additionally, section 948.101(2) provides that a trial court may add additional terms to the community control sentence not listed in the statute, such as a drug treatment program.   Although the statutes do not specifically define "drug offender community control," there is no provision in the Florida statutes, nor has Petitioner cited to any case law, that prevents the imposition of such a sentence.   Thus, it appears that Petitioner's sentence of drug offender community control was legal.

Petitioner has not shown that trial counsel acted deficiently with regard to this claim and any deficiency did not result in prejudice.   Petitioner had no valid basis upon which he could move to withdraw his plea.    As such, claim four is without merit.

18

### 2. *Claim Five*

Petitioner claims in ground five that trial counsel was ineffective for failing to request the transcription of the November 30, 2006, plea and sentencing hearing(Doc. No. 10 at 13). Petitioner maintains that because counsel did not have this hearing transcribed, he was prevented from meaningful appellate review of his initial guilty plea and sentence. *Id.*

The Court finds that Petitioner's claim is without merit. As noted *supra*, on November 30, 2006, Petitioner entered a guilty plea and was sentenced to drug offender community control. An affidavit of VCC was filed on December 13, 2006. A VCC hearing was held on March 7, 2007, after which Petitioner appealed the court's finding that he violated community control and the imposition of two ten-year terms of imprisonment. Petitioner's initial entry of a guilty plea and sentence to community control was not before the appellate court on direct appeal because Petitioner did not appeal the plea and original sentence within thirty days. Fla. R. App. P. 9.140(b)(3). Thus, counsel's failure to have the November 30, 2006, plea and sentencing hearing transcribed did not result in prejudice because any issues arising prior to the VCC were not properly before the appellate court.

Furthermore, as stated above, Rule 9.140(b)(2)(A) allows a defendant to appeal from a guilty plea only in certain circumstances, none of which were present in this case. Petitioner did not reserve the right to appeal any dispositive issue, nor could he properly challenge the trial court's jurisdiction, the plea agreement, the voluntariness of

his plea, or a sentencing error.    Accordingly, claim five is without merit.

### 3.    *Claim Seven*

Petitioner claims that trial counsel was ineffective for failing to investigate whether he could properly be placed on drug offender community control (Doc. No. 10 at 17).    As the Court noted *supra*, Petitioner was properly sentenced to drug offender community control.    Thus, counsel was not deficient for failing to investigate, and any deficiency on the part of counsel did not result in prejudice because Petitioner's sentence was legal.    Thus, claim seven provides no basis for relief.

### 4.    *Claim Eight*

In his eighth claim Petitioner alleges that trial counsel was ineffective for failing to object to the discrepancy between the orally pronounced sentence and the sentence provided for in the written plea agreement (Doc. No. 10 at 19).    Petitioner's claim is refuted by the record.    The written plea agreement states that Petitioner will enter a guilty plea to two counts of sale of cocaine in exchange for concurrent two-year terms of drug offender community control (App. A at 76).    Petitioner admits that the trial court orally pronounced a two-year sentence for drug offender community control (Doc. No. 10 at 19). *See also* Appendix EE at 14 (trial court sentences Petitioner to concurrent terms of drug offender community control).    Because there was no discrepancy between the plea agreement and the orally pronounced sentenced, counsel had no basis to object and accordingly, was not deficient.    As such, claim eight is without merit.

In conclusion, the Court finds that Petitioner is unable to show that prejudice will

20

result if the Court does not consider the defaulted claims.   Therefore, the Court is barred from reviewing claims four, five, seven, and eight.

### E.    Claim Six

Petitioner claims that trial counsel was ineffective for failing to object when the prosecutor acted as a witness at the VCC hearing and made prejudicial statements which were not supported by the evidence (Doc. No. 10 at 15).   In support of this claim, Petitioner argues that the prosecutor made several disparaging and prejudicial comments regarding his drug use and medical disability.   *Id.*   Petitioner raised this claim in his first Rule 3.850 motion (App. F), and the trial court denied the claim pursuant to *Strickland*, finding the prosecutor's comments amounted to "fair comment on the evidence . . . ." (App. G at 4).   The Fifth District Court of Appeal affirmed *per curiam* (App. J).

Petitioner does not specifically cite to the alleged disparaging and prejudicial remarks made by the prosecutor during the VCC hearing.   However, in his first Rule 3.850 motion for post-conviction relief, Petitioner cites to the following comments:

> Mr. Doyle [prosecutor]:   Judge, Mr. Hinton's own testimony was that he's a drug addict.   He got out and he got -- he didn't say it, but he got on drugs.   One day led to another and one day led to another and I guess I'll get there when I want to.   Not when the Judge told me to, but when I want to.   Judge, he was violated immediately.   We can't have someone supervised under these circumstances.   By his own testimony it's a clear-cut violation.   He can't go when he wants to.   He goes when the Court tells him to.   And if he -- six days later, it's six days late, you know, I guess I'll go.   It's a clear-cut violation.
>
> All this other stuff about his medical condition, I see a guy with a foot apparatus and a cane and apparently that's the same situation that got

21

him there eventually six days later.   He should have gone the very first day as the Court ordered him to.   I don't think he wants to be supervised in the community.   I think it's a clear-cut violation.

(App. A at 12-13).

The prosecutor's statements constituted fair comments on the evidence presented.   As noted *supra*, Petitioner admitted to the trial court that he had a drug problem and had no reason for failing to report for his community control other than the fact that he was taking drugs and listening to the poor advice given by his "so-called friend."   Although Petitioner did suffer from a medical condition or injury, at no point did Petitioner allege that his medical condition prevented him from reporting to his community control officer.   Because the prosecutor's comments were based on the testimony presented at the VCC hearing, counsel will not be deemed ineffective for failing to object.   *See Buzia v. State*, 82 So. 3d 784, 796 (Fla. 2011) (citing *Spann v. State*, 985 So. 2d 1059, 1068 (Fla. 2008) (noting in Florida that when a prosecutor makes a fair comment on the evidence counsel cannot be deemed ineffective for failing to object)).

The state court's denial of this claim is not contrary to, or an unreasonable application of, clearly established federal law.   As such, claim six is denied pursuant to § 2254(d).

F.   *Claim Nine*

Petitioner asserts that his Fifth and Fourteenth Amendment rights were violated when the appellate court did not have a complete record on appeal (Doc. No. 10 at 21). Petitioner raised this claim in his fourth Rule 3.850 motion (App. EE).   The trial court

found that the motion was untimely and successive and declined to address the merits of the claim (App. FF).   The Fifth District Court of Appeal affirmed *per curiam* (App. HH).

Although it appears that the instant claim was procedurally defaulted in the state court, Respondents did not argue that this Court is procedurally barred from addressing the merits of the claim (Doc. No. 14 at 10-11).[5]   Instead, Respondents argue that this claim only raises a state law issue.   *Id.*   Respondents also address the merits of the claim.   *Id.* at 12-14.   This Court declines to *sua sponte* invoke the procedural bar.   *See Esslinger v. Davis*, 44 F.3d 1515, 1524 (11th Cir. 1995) (a "district court may invoke the [procedural default] bar *sua sponte* [only] where . . . requiring the petitioner to return to state court to exhaust his claims serves an important federal interest"); *Moreno v. Sec'y, Dep't of Corr.*, No. 2:09-cv-336-FtM-29DNF, 2012 WL 2282552, at *5 (M.D. Fla. Jun. 18, 2012) (declining to *sua sponte* find claims procedurally defaulted).

Turning to the merits of Petitioner's claim, the Court concludes that his due process rights were not violated.   As this Court noted *supra*, Petitioner's guilty plea and sentence were not properly before the appellate court because Petitioner did not appeal within thirty days.   As such, Petitioner cannot prevail on his claim that the incomplete transcript resulted in actual prejudice.   *See Songer v. Wainwright*, 733 F.2d 788, 792 (11th Cir.) (holding that the "lack of transcript" of the charge conference in a

---

[5]Respondents argued grounds four through eight are procedurally barred and ground ten is unexhausted (Doc. No. 14).

death penalty case did not warrant issuance of a writ where petitioner "failed to demonstrate that the lack of a transcript" precluded review or that he was "actually prejudiced by the absence of the transcript"), *vacated*, 758 F.2d 552 (11th Cir. 1984), *reinstated*, 769 F.2d 1497 (11th Cir. 1985).

Furthermore, Petitioner did not reserve the right to appeal any dispositive issue, nor could he properly challenge the lower court's subject matter jurisdiction, a violation of the plea agreement, the voluntariness of his plea, or a sentencing error pursuant to Rule 9.140 (b)(2)(A). Because Petitioner has not demonstrated that the incomplete record on direct appeal resulted in a violation of due process, the instant claim is denied.

## J.   *Claim Ten*

Petitioner claims that trial counsel was ineffective for advising him to accept an illegal sentence (Doc. No. 10 at 23). In support of this claim, Petitioner maintains that two years of drug offender community control was not an authorized sentence pursuant to section 948.10(2) of the Florida Statutes. *Id.* Although Respondents argue that this claim was unexhausted because it was not raised in the state court, the Court notes that Petitioner raised the instant claim in his fourth Rule 3.850 motion (App. EE at 13). The trial court found that the fourth Rule 3.850 motion was untimely and successive (App. FF). The Fifth District Court of Appeal affirmed *per curiam* (App. HH).

Respondents also argue that this claim is procedurally barred. The Court

24

agrees.   As noted *supra*, a *per curiam* affirmance of a trial court's finding of procedural default is a sufficiently clear statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *Ferguson*, 580 F.3d at 1218.   Thus, the instant claim is procedurally barred and cannot be considered unless Petitioner demonstrates cause and prejudice resulting from the default. *Wright*, 169 F.3d at 703.

To the extent that Petitioner's failure to raise this ground was because the state court did not appoint counsel in his first Rule 3.850 proceeding, Petitioner has demonstrated cause for the procedural default of this claim.   *Martinez*, 132 S. Ct. at 1318-19.   However, Petitioner cannot demonstrate prejudice resulting from the procedural default because he has not shown that this claim is substantial or has some merit.   *Id.*   This Court found, *supra*, that Petitioner's initial sentence of two years of drug offender community control was an authorized or legal sentence.   As such, counsel had no basis to advise Petitioner that he should not accept the plea. Accordingly, the Court is barred from reviewing this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by Michael D. Hinton (Doc. No. 10) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 31st day of July, 2012.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 7/31
Counsel of Record
Michael D. Hinton